BASCHAB, Judge.
The appellant, K.R.B., was convicted of reckless endangerment (Count 1 of the indictment), a violation of § 13A-6-24, Ala. Code 1975; second-degree sodomy of D.W.B., Jr. (Count 2 of the indictment), a violation of § 13A-6-64(a)(l), Ala.Code 1975; first-degree sodomy of J.B. (Count 3 of the indictment) and first-degree sodomy of S.B. (Count 4 of the indictment), violations of § 13A-6-63(a)(3), Ala.Code 1975; second-degree sexual abuse of D.W.B., Jr. (Count 5 of the indictment), a violation of § 13A-6-67(a)(2), Ala.Code 1975; first-degree sexual abuse of J.B. (Count 6 of the indictment), first-degree sexual abuse of C.B. (Count 7 of the indictment), and first-degree sexual abuse of S.B. (Count 8 of the indictment), violations of § 13A-6-66(a)(3), Ala.Code 1975; production of obscene matter involving D.W.B., Jr. (Count 9 of the indictment), production of obscene matter involving J.B. (Count 10 of the indictment), production of obscene matter involving C.B. (Count 11 of the indictment), and production of obscene matter involving S.B. (Count 12 of the indictment), violations of § 13A-12-197, Ala.Code 1975; and one count of possession of obscene mattei (Count 13 of the indictment), a violation of § 13A-12-192(b), Aa.Code 1975. The trial court sentenced him to serve a term of twelve months in the county jail on the reckless endangerment conviction; concurrent terms of twenty years in prison on the second-degree sodomy conviction, fifty years in prison on the first-degree sodomy conviction involving J.B., and life in prison on the first-degree sodomy conviction involving S.B.; concurrent terms of twelve months in the county jail on the second-degree sexual abuse conviction and ten years in prison on each of the first-degree sexual abuse convictions; and concurrent terms of twenty years in prison on the production of obscene matter conviction involving D.W.B., Jr., forty years in prison on the production of obscene matter conviction involving J.B., sixty years in prison on the production of obscene matter conviction involving C.B., ninety-nine years in prison on the production of obscene matter conviction involving S.B., and ten years in prison on the possession of obscene matter conviction. It also ordered that the appellant serve his sentences on his sodomy convictions, on his sexual abuse convictions, and on his obscene matter convictions consecutively with each other. The appellant did not file any post-trial motions. This appeal followed.
This case involved four young victims— D.W.B., Jr., J.B., C.B., and S.B. — 'who were brothers and sisters. D.W.B., Jr., was twelve years old at the time of the offenses, and J.B., C.B., and S.B. were under twelve years of age at the time of the offenses. The appellant, who was the victims’ great uncle, had invited all four children to visit him. However, the children’s parents did not want all four children to visit at once. The appellant then suggested that the two boys, D.W.B., Jr., and J.B., visit him for one week; that he return them to their parents; and that the two girls, C.B. and S.B., then visit him for *828 one week. Subsequently, D.W.B., Jr., and J.B. spent one week with the appellant. After the appellant took them home, C.B. and S.B. spent one week with the appellant. All four children testified that, during the visits, the appellant took photographs of them while they were nude. Additionally, D.W.B., Jr., J.B., and S.B. testified that the appellant touched them on their private parts and placed his mouth on their private parts. D.W.B., Jr., and J.B. testified that the appellant also made them put their mouths on his private parts. D.W.B., Jr., testified that he saw photographs of nude people on the computer in the appellant’s mobile home. Finally, S.B. testified that she saw photographs of nude children in the appellant’s travel trailer.
In an unpublished memorandum released today, we affirmed the appellant’s convictions for reckless endangerment, second-degree sodomy, first-degree sodomy, second-degree sexual abuse, first-degree sexual abuse of J.B. and S.B. based on Counts 6 and 8 of the indictment, production of obscene matter, and possession of obscene matter. See K.R.B. v. State, (No. CR-00-1967, November 30, 2001) — So.2d - (Ala.Crim.App.2001) (table). In this opinion, we address the sufficiency of the evidence to support the appellant’s conviction for first-degree sexual abuse of C.B. based on Count 7 of the indictment.
The appellant argues that the State did not present sufficient evidence to support his conviction for first-degree sexual abuse of C.B. Specifically, he contends that the State did not prove that he subjected C.B. to sexual contact. The State agrees that the appellant’s conviction based on Count 7 should be reversed.
“A person commits the crime of sexual abuse in the first degree if:
[[Image here]]
“(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.”
§ 13A-6-66(a), Ala.Code 1975. Section 13A-6-60(3), Ala.Code 1975, defines sexual contact as “[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party.” During the State’s direct examination of C.B., the following occurred:
“[PROSECUTOR]: Did [the appellant] ever touch you with his hands or his mouth?
“[C.B.]: No.
“[PROSECUTOR]: He never touched you: He never kissed you on your private parts?
“[C.B.]: No.
“[PROSECUTOR]: Did you ever see him kiss [S.B.] on her private parts?
“[C.B.]: No.
“[PROSECUTOR]: It is wrong for somebody to be kissed on their private parts?
“[C.B.]: Yes.
“[PROSECUTOR]: You wouldn’t want somebody to do that to you, would you?
“[C.B.]: No.
“[PROSECUTOR]: Nothing further of this witness, your Honor.
“[DEFENSE COUNSEL EDMOND-SON]: No questions of this young witness, Judge.”
(R. 317-18.)
We agree that the State did not present any evidence that the appellant subjected C.B. to sexual contact. Therefore, we reverse the appellant’s conviction for first-degree sexual abuse of C.B. based on Count 7 of the indictment and render a' judgment for the appellant.
*829 AFFIRMED BY MEMORANDUM IN PART-; ; AND REVERSED IN PART AND JUDGMENT RENDERED.
McMILLAN, FU., and SHAW and WISE, JJ., concur; COBB, J., concurs in part, dissents in part, and concurs in the result as to the memorandum and concurs in the opinion, with opinion.